UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROYAL GOLD INVESTMENT, INC.,

                 Plaintiff,

        -against-                                           08 Civ. 9536 (LAK)

LOUIS DREYFUS COMMODITIES BRASIL S.A.,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED #: 4/23/09
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       This matter is before the Court on defendant's motion, pursuant to Supplemental Admiralty Rule E(4)(f), to vacate the process of maritime attachment and garnishment, obtained *ex parte,* pursuant to which plaintiff has attached more than $295,000 of defendant's funds.

       The facts are straightforward. Defendant shipped a cargo of Brazil yellow maize aboard plaintiff's vessel. The bills of lading show that the vessel loaded a total of 44,605.08 MT of maize of which only 25,000 MT was shipped by the defendant, the balance being attributable to other shippers. It further appears that the total cargo was treated as fungible and loaded without differentiation by shipper.

       At the port of discharge, the cargo receivers alleged cargo shortage upon outturn from the vessel. To avoid arrest of the vessel in respect of that claim, plaintiff posted security in favor of the cargo interests in the amount of approximately $235,000. It then brought this action, claiming that it has a claim against defendant to the extent of the amount, if any, for which it might be held liable to the cargo interests in a London arbitration on the cargo interests' anticipated claim for cargo

2

shortage.

Plaintiff's claim is for indemnity. For reasons amply covered in *Bottiglieri Di Navigazione S.p.A. v. Tradeline LLC,* 472 F. Supp.2d 588 (S.D.N.Y. 2007), *aff'd on opinion below,* 293 Fed. Appx. 36 (2d Cir. 2008), plaintiff's claim is not ripe and therefore does not constitute the valid *prima facie* maritime claim ordinarily essential to justify a Rule B attachment. Plaintiff has offered no circumstances sufficiently compelling to warrant upholding the attachment given the lack of ripeness of its claim, particularly given plaintiff's attempt to require defendant to secure its entire contingent claim for cargo shortage notwithstanding the fact that defendant shipped only 56 percent of the undifferentiated cargo. The fact that the plaintiff posted security to obtain release of its vessel at the discharge port does not alter this analysis for two reasons. First, the possibility that its security will be drawn upon is every bit as speculative as the possibility that it ever will have a ripe indemnity claim against the defendant. Second, there is simply no equity in requiring this defendant to secure plaintiff against liability on the claim for cargo shortage in circumstances in which there is no reason to believe that any shortage that may have occurred was attributable to the defendant as opposed to one or more of the other shippers.

Defendant's motion to vacate the process of maritime attachment and garnishment [docket item 9] is granted and the process dissolved.

SO ORDERED.

Dated:      April 23, 2009

_____
Lewis A. Kaplan
United States District Judge